**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                                             No. 4:04CR00277 JLH

MARY KATHERINE EDELMANN                                      DEFENDANT

**OPINION AND ORDER OF DISMISSAL**

Mary Katherine Edelmann is charged in a one-count Superseding Indictment with violating 18 U.S.C. § 3146(a)(1) (Docket #16). Section 3146(a) provides:

(a) **Offense.**–Whoever, having been released under this chapter knowingly–

    (1) fails to appear before a court as required by the conditions of release; or

    (2) fails to surrender for service of sentence pursuant to a court order;

shall be punished as provided in subsection (b) of this section.

Ms. Edelmann moves to dismiss the Superseding Indictment (Docket #22).[1] Ms. Edelmann argues that the Superseding Indictment should be dismissed because it fails to give her adequate notice of the charge against her so that she can defend herself properly. Due to her belief that the Superseding Indictment intended to charge her with violating § 3146(a)(2) even though it cites subsection (a)(1), she also argues that the Superseding Indictment should be dismissed because the public record shows that she violated a plea agreement but not a court order. The parties submitted the motion to dismiss

---

[1] Ms. Edelmann also filed a motion for permission to proceed pro se. However, she withdrew that motion at a hearing on July 20, 2005. Her lawyer, J. Blake Hendrix, then argued the motion to dismiss on her behalf.

to the Court based on stipulated facts from public records of prior criminal proceedings against Ms. Edelmann.

In support of her argument that the Superseding Indictment fails to give adequate notice of the charge, Ms. Edelmann notes that the Superseding Indictment tracks the language of 18 U.S.C. § 3146(a)(2) but cites § 3146(a)(1). The Court holds that the Superseding Indictment gives fair notice of the charge and overrules that argument.

In responding to Ms. Edelmann's arguments, the government stated that Ms. Edelmann disobeyed an order entered on November 10, 2004, by the Honorable George Howard, Jr., in Case No. 4:02CR128 (E.D. Ark.). Ms. Edelmann had previously entered into a plea agreement pursuant to which she was to appear before Judge Howard to be sentenced on November 10, 2004, after which she was to surrender to the United States Marshal for service of her sentence. On November 9, 2004, Ms. Edelmann entered a plea of guilty before the Honorable William R. Wilson in Case No. 4:04CR228 (E.D. Ark.). The two cases were then consolidated for sentencing before Judge Howard. As a result of the belated plea of guilty in Case No. 4:04CR228, the sentencing hearing scheduled for November 10 was continued so that Judge Howard could sentence Ms. Edelmann on both convictions simultaneously. On November 10, Judge Howard entered an order stating, in pertinent part, "Per the plea agreement, defendant must surrender herself to the United States Marshal's custody no later than noon on November 10th." Ms. Edelmann did not surrender herself to the United States Marshal on November 10 or thereafter. She was apprehended while hiding in a closet in a house in Alexander, Arkansas, on November 29, 2004.

The government does not argue that 18 U.S.C. § 3146(a)(2) applies in this case. The grand jury indicted Ms. Edelmann under § 3146(a)(1). The issue, therefore, is whether, based on the

stipulated facts and the public record of the earlier cases against her, Ms. Edelmann failed "to appear before a court as required by the conditions of release." The government argues that Ms. Edelmann's failure to surrender to the United States Marshal's office by noon on November 10, 2004, constituted a failure to "appear before a court as required by the conditions of release." However, the United States Marshal is not "a court." Therefore, in view of the plain language of § 3146(a)(1), Ms. Edelmann did not violate that statute when she violated Judge Howard's order directing her to surrender to the United States Marshal.

The government cites *United States v. Harris*, 544 F.2d 947 (8th Cir. 1976), for the proposition that a failure to surrender to the marshal when ordered to do so by the court is tantamount to failure to appear before a court. There, Harris failed to surrender to the marshal to begin serving his sentence. He was then convicted of "bail jumping" under 18 U.S.C. § 3150, which was enacted as part of the Bail Reform Act of 1966. That statute made it a crime to fail to appear before "a court or judicial officer as required." The Eighth Circuit held that the marshal was not a "judicial officer" within the meaning of the 1966 Act but that failure to surrender to the marshal was, nevertheless, a failure to appear before a "court or judicial officer as required." *Id*. at 949. The court rejected the contrary holding in *United States v. Wray*, 369 F. Supp. 118 (W.D. Mo. 1973). *Id*.

*Harris* predates the current version of the statute, which was adopted as a part of the Bail Reform Act of 1984. The 1984 Act repealed 18 U.S.C. § 3150 and enacted 18 U.S.C. § 3146. Commenting on § 3146, the Senate Report on the 1984 Act states, "A specific provision has been added to make clear that the failure to surrender for service of sentence is covered as a form of bail jumping." S. REP. NO. 98-225, at 31 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3214. That specific provision is § 3146(a)(2). Hence, the 1984 Act amended the bail jumping statute

3

specifically to approve the result in *Harris*, *i.e.*, that failure to surrender for service of sentence is punishable as a form of bail jumping.

> However, the Senate Report also states:
>
> After requiring that the offender has been released pursuant to the provisions of this chapter, subsection (a)(1) goes on to require that the released person fail to appear before "a court as required by the conditions of his release." The word "court" is intended to include the presiding judicial officer, and is intended to include any person authorized pursuant to section 3141 and the Federal Rules of Criminal Procedure to grant bail or otherwise release a person charged with or convicted of a crime or who is a material witness. [Citing 18 U.S.C. § 3141.] *It is not intended to cover* such lesser court officials as probation officers, *marshals*, bail agency personnel, and the like. The holding in *United States v. Clark* [412 F.2d 885 (5th Cir. 1969)] that a probation officer is not a judicial officer so that a failure to appear before him as required by the court is not bail jumping is specifically endorsed, and section 3146 should be interpreted to reach the same results. *Bail jumping is an offense intended to apply to actual court appearances before judges or magistrates and not to other court personnel, with the sole exception of a failure to surrender for service of sentence, as covered in subsection (a)(2).*

S. REP. NO. 98-225, at 32-33, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3215-16 (emphasis added). Thus, while approving the result in *Harris*, the 1984 Act (according to the Senate Report), overrules its rationale.[2]

As noted above, by its plain language, § 3146(a)(1) applies only when a defendant has failed to appear before a court. As the Senate Report notes, a marshal is not a court. Rule 1(b)(2) of the Federal Rules of Criminal Procedure defines "Court" as "a federal judge performing functions authorized by law." Rule 1(b)(3) defines "federal judge" to include a justice or judge as those terms

---

[2] The reasoning of this opinion, and the Senate Report cited above, were articulated in an unpublished report and recommendation by Magistrate Judge Moreno in *United States v. Schmidt*, Case No. 04-30087, 2004 WL 2745665 (D.S.D.). Anne Gardner, the Assistant United States Attorney who represented the government in this case, brought Judge Moreno's opinion to the attention of the Court, even though she disagrees with it. The Court acknowledges the candor of Ms. Gardner in doing so and thanks her for it.

4

are defined in 28 U.S.C. § 451, a magistrate judge, and a judge confirmed by the United States Senate and empowered by statute to perform a function to which a particular rule relates. Fed. R. Crim. P. 1(b)(3). A marshal is not within any of these definitions. A review of 18 U.S.C. § 3141 *et seq*. shows that the relevant statutory provisions never use the term *court* or the term *judicial officer* in a way that would encompass the United States Marshal. The Senate Report expressly confirms that the legislative intent was that the term *court* would not include the marshal. Hence, when a defendant is ordered to surrender to the marshal for service of sentence, failure to do so may violate § 3146(a)(2); but it does not violate § 3146(a)(1).

Ms. Edelmann violated a plea agreement when she failed to surrender to the marshal on November 10, 2004. She also disobeyed a court order. The plea agreement stated consequences that would be imposed should Ms. Edelmann violate that agreement. Being subject to criminal prosecution under 18 U.S.C. § 3146 is not one of the consequences in that plea agreement. She has been sentenced by Judge Howard for the charges in Case No. 4:02CR128 (E.D. Ark.) and Case No. 4:04CR228 (E.D. Ark.). Presumably, Judge Howard had the authority to enhance Ms. Edelmann's sentence because of her violation of his order to surrender to the marshal. *See* U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (2004). Ms. Edelmann's lawyer, Mr. Hendrix, stated at the hearing in this case that Judge Howard did, in fact, enhance Ms. Edelmann's sentence as a result of her disobeying his order to surrender to the marshal by noon on November 10, 2004. Ms. Edelmann also could be punished for contempt of court. *See* 18 U.S.C. § 3148. All of which is to say that, simply because Ms. Edelmann cannot be prosecuted under 18 U.S.C. § 3146, it does not follow that she has been or will be permitted to disobey Judge Howard's order with impunity. Ms. Edelmann can be, and apparently has been, punished for disobeying Judge Howard's order and violating her plea

5

agreement. However, she cannot be prosecuted under 18 U.S.C. § 3146(a)(1) for violating an order to surrender to the custody of the United States Marshal.[3]

For these reasons, the Superseding Indictment is hereby dismissed. All pending motions are denied as moot.

IT IS SO ORDERED this __21st__ day of July, 2005.

J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[3] As noted, the government indicted Ms. Edelmann under § 3146(a)(1) and disclaimed the notion that she was being prosecuted under § 3146(a)(2). Therefore, the Court does not address the question of whether Ms. Edelmann could have been prosecuted under § 3146(a)(2) on the theory that she was ordered to surrender for detention pending imposition of sentence, that her time in detention would have counted toward service of her sentence, and therefore that she was ordered to surrender to begin serving the yet-to-be-imposed sentence. *Cf.* 18 U.S.C. § 3585(b).